J-S04043-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANNY VAZQUEZ | : | |
| | : | |
| Appellant | : | No. 1041 MDA 2020 |

Appeal from the PCRA Order Entered July 30, 2020
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0001409-2013

BEFORE:  OLSON, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED FEBRUARY 23, 2021**

Danny Vazquez ("Vazquez"), *pro se*, appeals from the Order denying his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  ***See*** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On July 6, 2015, Vazquez entered an open guilty plea to possession of a controlled substance, possession with intent to deliver a controlled substance, possession of drug paraphernalia, and tampering with or fabricating physical evidence.[1]  On October 19, 2016, the trial court sentenced Vazquez to an aggregate term of five to sixteen years in prison.  Vazquez did not file a direct appeal.

---

[1] 35 P.S. § 780-113(a)(16), (30), (32); 18 Pa.C.S.A. § 4910(1).

Vazquez, then proceeding *pro se*, filed his first PCRA Petition on August 2, 2017, and amendments to his PCRA Petition on June 25, 2018, November 19, 2018, and December 7, 2018. Vazquez was appointed counsel, who filed a Petition to withdraw from representation pursuant to **Turner**/**Finley**.[2] The PCRA court granted counsel's request to withdraw on September 25, 2018. Vazquez retained private counsel, and the PCRA court held a hearing on Vazquez's Petitions on March 21, 2019. After the hearing, the PCRA court entered an Order denying Vazquez's Amended PCRA Petition. This Court affirmed the PCRA court's Order on appeal. **See Commonwealth v. Vazquez**, 237 A.3d 1055 (Pa. Super. 2020) (unpublished memorandum).

On July 21, 2020, Vazquez, *pro se*, filed the instant PCRA Petition. In the instant PCRA Petition, Vazquez asserted that there was insufficient evidence to convict him; plea counsel was ineffective; and PCRA counsel was ineffective as related to his first PCRA proceeding. On July 30, 2020, the PCRA court issued an Order denying the instant PCRA Petition as untimely filed.[3] Vazquez, *pro se*, filed a timely Notice of Appeal. On August 10, 2020, the

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] The PCRA court failed to issue Pa.R.Crim.P. 907 notice before denying relief. Nevertheless, Vazquez has not raised this issue on appeal, and thus he has waived any defect in notice. **See Commonwealth v. Taylor**, 65 A.3d 462 (Pa. Super. 2013) (explaining that appellant's failure to raise on appeal PCRA court's failure to provide Rule 907 notice results in waiver of claim). Moreover, failure to issue Rule 907 notice is not reversible error, where, as here, the record is clear that the petition is untimely. **Id.**

PCRA court ordered Vazquez to file a Pa.R.A.P. 1925(b) concise statement within 21 days of the date of the Order. The Order informed Vazquez that "failure to include any issue on [*sic*] his [concise statement] may result in waiver of that issue[.]" PCRA Court Order, 8/10/20, at 1. Vazquez did not file a concise statement.

Vazquez raises the following issues for our review:

A. [Vazquez] asserts that the PCRA court does have jurisdiction to hear claims put before the [PCRA] court based on new[ ]or after[-]discovered evidence of innocence exception under [the PCRA.]

B. [Did] the PCRA court commit[] an error by stating that [Vazquez]'s claims were untimely filed[?]

C. [Whether] the [PCRA] court also failed to address [Vazquez's] claim of a ***Brady v. Maryland***[, 373 U.S. 83 (1963)] [*sic*] that stems from new[ ]or after[-]discovered exculpatory evidence or facts[?]

D. [Did] the PCRA court fail[] to properly address [Vazquez]'s claims under[ ]new[ ]or after[-]discovered exculpatory evidence or facts, that were properly raised under [the PCRA?]

E. Whether the PCRA court failed to properly address whether all counsel(s) of record was [*sic*] ineffective for to [*sic*] bring the claims raised by [Vazquez] before the PCRA court based on new[ ]or after[-]discovered exculpatory evidence[?]

F. [Did] the PCRA court fail[] to prevent a miscarriage of justice from occurring[?]

G. [Vazquez] contends that his claim of new[ ]or after[-]discovered exculpatory evidence of innocence clearly challenges whether his plea of guilty was involuntary or unknowingly made.

Brief for Appellant at 4 (capitalization omitted).

Preliminarily, we must determine whether Vazquez has preserved his claims for our review. "PCRA appellants, in order to preserve their claims for

appellate review, must comply whenever the PCRA court orders them to file a Statement of Matters Complained of on Appeal under Rule 1925. Accordingly, any issues not raised in a Rule 1925(b) statement are waived." ***Commonwealth v. Butler***, 812 A.2d 631, 633-34 (Pa. 2002) (citation omitted). The Supreme Court has instructed that compliance with Rule 1925(b) is mandatory, and this Court lacks discretion to excuse departures from the Rule's requirements. ***Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011) (stating that, "[o]ur jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement[.]").

Additionally, we recognize that

[a]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

***Commonwealth v. Adams***, 882 A.2d 496, 497-98 (Pa. Super. 2005) (citations omitted).

In this case, the PCRA court ordered Vazquez to file a Rule 1925(b) concise statement within 21 days of August 10, 2020. ***See*** PCRA Court Order,

- 4 -

8/10/20, at 1. The certified record and docket reveal that Vazquez failed to file a concise statement. Accordingly, we are constrained to find Vazquez's issues waived. **See Butler**, **supra**; **Hill**, **supra**.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/23/2021

---

[4] In its Rule 1925(a) Opinion, the PCRA court aptly addressed the untimeliness of Vazquez's PCRA Petition, and its reasoning is sound. **See** PCRA Court Opinion, 9/21/20, at 6-8. Even if Vazquez had preserved his issues, we would conclude that they lack merit on this basis. **See id.**